Law Revision

# IN THE SUPERIOR COURT OF GUAM

ALLYN KELLEY,

                    Plaintiff,

   vs.

MARK S. KELLEY,

                   Defendant.

DOMESTIC CASE NO. DM0448-10

**FINDINGS OF FACT AND CONCLUSIONS OF LAW AND FINAL DECREE OF DIVORCE**

This matter came before the HONORABLE VERNON P. PEREZ for trial on July 9, 2012. Attorney William Jones appeared on behalf of Plaintiff Allyn Kelley. Attorney Joaquin Arriola Jr. appeared on behalf of Defendant Mark Kelley. As both Parties share a common surname they will be referred to herein solely as Plaintiff and Defendant. Having reviewed the pleadings and the arguments presented, the Court now issues the following Findings of Fact and Conclusions of Law and Final Decree of Divorce.

## FINDINGS OF FACT

1. Every finding of fact is also a conclusion of law and every conclusion of law is also a finding of fact.

2. The Parties married on May 25, 1983. The are no minor children of the marriage. Plaintiff filed her Complaint for Dissolution of Marriage on July 20, 2010. Defendant filed an Answer and Counter-Claim (also seeking divorce) on December 23, 2010. The date of separation is sometime in November 2009.

3. Before the marriage, both Parties were in the military with the U.S. Army. Plaintiff began a career in the military in June 1980 and Defendant began in June 1975.

4. For the duration of the marriage, the Parties lived in a number of residences depending on the military assignment.

*Kelley v. Kelley,*
Findings of Fact and Conclusions of Law
Domestic Case No. DM0448-10       - Page 1 of 7 -

5. The parties own two vehicles, one 2004 Chrysler Pacifica (KBB value is $9,640.00) and one 2007 Dodge Caliber (KBB value is $10,405.00). *See* Exh. Q and T.

6. The Parties also claim that many of the furnishings, appliances electronics and collectables constitute community property.

7. There are additional assets that are either partially or fully of the marriage.

    A. Defendant's Thrift Savings Plan valued at $85,655.31. Exh. Y.

    B. Defendant's retirement benefits. Exhs. AA and BB.

    C. Plaintiff's Thrift Savings Plan valued at $212,531.45. Exh. D.

    D. Plaintiff's retirement benefits; 4493 points toward retirement. Exh. B.

    E. Joint Invesco AIM Account valued at $1,958.73. Exh. P.

8. The Parties are subject to community debt. There is an outstanding debt of approximately $7,893.62 on the military "Star Card" which is jointly held by the Parties.

9. Plaintiff earns roughly $5,018.72 per month. *See* Exh. A. Defendant earns $1,500.00 per month as a benefit of a military spouse.

10. It is uncontested that Defendant has developed a romantic relationship with Linda Carino. *See* Defendant's Testimony on July 9, 2012. Plaintiff alleges, and the Court agrees, that the affair began before the separation of the Parties. Defendant argues that Plaintiff has forgiven Defendant for the affair and condoned the relationship.

## CONCLUSIONS OF LAW

1. **Jurisdiction**. The Court maintains proper jurisdiction over the Parties.

2. **Dissolution of Marriage**. Each party seeks dissolution of marriage on multiple grounds. Under Title 19 Guam Code Annotated § 8203, dissolution of marriage may be granted by a competent court on seven possible grounds, including those identified by the parties in their pleadings. It seems clear from the testimony taken by the Court that at the very least the "irreconcilable differences" basis for a grant of dissolution of marriage would be applicable in this case.[1] However, the Court must inquire into whether there are other potential grounds for

---

[1] Both Parties also cite irreconcilable differences in their respective complaints for dissolution.

*Kelley v. Kelley,*
Findings of Fact and Conclusions of Law
Domestic Case No. DM0448-10    - Page 2 of 7 -

dissolution of marriage, as the basis for a grant of dissolution has a legal effect on distribution of property; 19 G.C.A. § 8411 states:

> In case of the dissolution of marriage by the decree of a court of competent jurisdiction, the community property, and the homestead, shall be assigned as follows: (a) If the decree be rendered on the ground of adultery or extreme cruelty, the community property shall be assigned to respective parties in such proportions as the court, from all the facts in the case, and the condition of the parties, may deem just. (b) If the decree be rendered on any other ground than that of adultery or extreme cruelty, the community property shall be equally divided between the parties.(emphasis added)

While this distinction may not be as meaningful in effect as it may appear to be, due to the Guam Supreme Court's interpretation of 19 G.C.A. § 8411 (b), the Court still believes that it could represent a crucial distinction. *See Sinlao v. Sinlao*, 2005 Guam 24 at ¶ 22-24 (2005) (holding that Guam does not subscribe to the "mathematical equality" standard utilized in other jurisdictions). The Plaintiff, who initiated this proceeding, has asserted adultery as one of the grounds upon which she seeks dissolution of marriage. *See* Complaint. Guam law governing dissolution of marriage defines adultery as "voluntary sexual intercourse of a married person with a person other than the offender's husband or wife." 19 G.C.A. § 8204. Plaintiff alleges and Defendant admits that Defendant is engaged in an on-going sexual relationship with Linda Carino. This would appear to satisfy the Guam definition of adultery, as the Parties were legally married until a decree of divorce is entered.

While Defendant argues for condonation, the Court disagrees and finds in favor of Plaintiff on this issue. The Court does understand that Plaintiff made attempts to find closure in the relationship Defendant found with another woman. The Court does not find any of the communications or actions argued by Defendant to show proof of forgiveness such that a finding of condonation could occur. *See* 19 GCA §§ 8305, 8306 and 8311. Dissolution of marriage is granted on the basis of adultery. Final decree of divorce in favor of Plaintiff will enter per the mechanisms of 19 G.C.A. § 8321. The Court will proceed to the issue of disposition of property. As a matter of procedure, the Court will also grant Defendant divorce

on the basis of irreconcilable differences. The Court does not find any other ground for divorce.

3. **Characterization of Property**. Characterization is generally the first step in the process of dividing property on divorce. *See Hart v. Hart,* 2008 Guam 11 at ¶ 24 (2008). Property acquired during marriage by either husband or wife is presumed to be community property. *See Blas v. Cruz,* 2009 Guam 12 at ¶ 23 (2009) (citing 19 G.C.A. § 6105(a) (2005)). As the Parties contest the characterization of several assets, the Court must conduct characterization determinations in regard to the contested items.

It appears to be uncontested that several of the pieces of property discussed are community property. To the extent that the furnishings, appliances, electronics and collectables of the family home were purchased during the marriage, they constitute community property. Both vehicles were purchased during the marriage, and therefore constitute community property.

The retirement benefits earned by the Parties constitute community property to the extent that they are the result of work performed during the marriage. *See Hart v. Hart,* at ¶ 26 ("The right to retirement benefits is a property interest, and to the extent that the interest derives from employment during the marriage, it is a community asset.") (citation omitted). As to "apportionment" of the respective retirement plans, which is to say determining exactly how much is separate property and how much is community property, the Guam Supreme Court has endorsed use of the "time rule". *See Hart v. Hart,* at ¶ 38-42. Under the time rule, the percentage of retirement benefit which can be considered community property is: ("years of work performed during marriage" divided by "years of work total").

As to the community share in Defendant's retirement and thrift savings plan[2], the same time rule applies. The community interest in Defendant's retirement is 318 months during the marriage (May 1983 to November 2009) over 414 months total as Defendant is still in the military reserves (June 1975 to February 2013). Therefore, upon Defendant's retirement Plaintiff shall receive a 50% portion of the community interest of roughly 77% of Defendant's

---

[2] The Court finds that the time rule applies to both the thrift savings plan and retirement benefits.

retirement. Plaintiff maintains a roughly 38.5% interest in Defendant's retirement and thrift savings plan.

As to the communities share in Plaintiff's retirement and thrift savings plan, the same time rule applies. The community interest in Plaintiff's retirement is 318 months (May 1983 to November 2009) during the marriage over 392 months total (June 1980 to February 2013) as Plaintiff is still in the military. Therefore, upon Plaintiff's retirement Defendant shall receive a 50% portion of the community interest of roughly 81% of Plaintiff's retirement. Defendant maintains a 40.5% interest in Plaintiff's retirement and thrift savings plan. The Court's earlier finding of adultery will not affect this conclusion.

4. **Motion for Spousal Support and Attorney Fees**. Defendant also seeks an order of spousal support and that Plaintiff pay for Defendant's attorney fees. The Court will not award spousal support or payment of attorney fees based on the finding of adultery against Defendant and based on the releasing of Defendant from any reimbursement related to the family home.

5. **Division of Property**. Having characterized all the assets and debts put forward by the Parties to the fullest practicable extent, the Court believes that there is sufficient evidence currently on the record to allow for the "valuation" and "division" determinations to be made at this time. Compare i.e. *Sinlao v. Sinlao*, 2005 Guam 24 at ¶ 25-26 (2005) (example of valuation of assets and debts required for proper division of community property).

**Distribution of Marital Property**

A. Family Home and Spousal Support

Distribution relevant to the family home property consists of community assets used to satisfy a rental lease agreement. Plaintiff is paying for nearly all costs, utilities and rents associated with the lease for recent years. Normally, a spouse would be obligated to reimburse for the payments made to community debts. Yet, here, the Court will not require this because the Court believes it to be simpler and more equal for the total distribution if Defendant was released from any reimbursement owed but not given any spousal support.[3]

---

[3] If not for the findings regarding adultery and reimbursement on the family home, the Court would likely have granted Defendant a significant spousal support amount based on the difference of earning power amongst the Parties.

## B. Vehicles

There are no existing debts attached to the two vehicles. The Court hereby orders that Plaintiff be the sole title owner of the 2004 Chrysler Pacifica and Defendant be the sole title owner of the 2007 Dodge Caliber.

## C. Furnishings, Appliances, Electronics and Collectables

All of the household furnishing, appliances, electronics and collectables were previously deemed community property by the Court. As a result, each Party will keep the property within its current possession.

## D. Personal Property

All of the personal property and related items were previously deemed community property by the Court. All of Plaintiff's jewelry, clothing and effects in her possession will remain her separate property. All of Defendant's jewelry, clothing and effects in his possession will remain his separate property.

## E. Star Card

While Defendant and Plaintiff share the remaining debt associated with the Star Card, the Court will assign, in full, the remaining owed on the star card to Defendant pursuant to the finding of adultery.

## F. Invesco Joint Portfolio

While the Court recognizes that the Invesco portfolio is community asset, the Court will award it entirely to Plaintiff as a reimbursement for any expenses occurred to the benefit of Linda Carino during the marriage.

## G. Retirement Benefits

Plaintiff maintains a 38.5% interest in Defendant's retirement and thrift savings plan. Defendant also maintains a 40.5% interest in Plaintiff's retirement and thrift savings plan.

Any and all property not specifically or generally disposed of by the above conclusions shall be deemed the separate property of the Party with current possession.

Finally, Defendant will be ordered to pay for Plaintiff's costs associated with bringing the suit. Costs do not include attorney fees.

6. This is a final judgment of divorce, the Parties are no longer husband and wife and either can remarry in Guam or anywhere upon issuance of this Decree.[4]

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Final Decree of Divorce be ENTERED in favor of the Plaintiff.

So **ORDERED** this ⟨⟩ ˙day of March, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

MAR 1 2013

Therese M. Blas
Deputy Clerk, Superior Court of Guam

/    /

/    /

---

[4] The Court finds that there is no need to wait an additional six months before entering a final decree of divorce based on the history of this case.

*Kelley v. Kelley,*
Findings of Fact and Conclusions of Law
Domestic Case No. DM0448-10                     - Page 7 of 7 -